NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILAN MACURA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2025-1442

---

Petition for review of the Merit Systems Protection Board in No. CH-0841-23-0430-I-1.

---

Decided: August 8, 2025

---

MILAN MACURA, Columbia, KY, pro se.

WILLIAM KANELLIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Milan Macura appeals pro se a final order of the Merit Systems Protection Board denying his request for an annuity under the Federal Employees Retirement System. We affirm.

## BACKGROUND

Under 5 U.S.C. § 8413, entitled "Deferred retirement," a federal employee "who is separated from the service . . . , after completing 5 years of service is entitled to an annuity beginning at the age of 62 years." 5 U.S.C. § 8413(a). Generally, a federal employee "must complete at least 5 years of civilian service creditable under 5 U.S.C. § 8411 in order to be eligible for an annuity under this subchapter." *Id.* § 8410. Creditable years of civilian service are defined under § 8411, which provides, in part:

> Credit under this chapter shall be allowed for leaves of absence without pay granted an employee while performing military service, or while receiving benefits under subchapter I of chapter 81. An employee or former employee **who returns to duty after a period of separation** is deemed, for the purpose of this subsection, to have been on leave of absence without pay for that part of **the period in which that individual was receiving benefits** under subchapter I of chapter 81. Credit may not be allowed for so much of other leaves of absence without pay as exceeds 6 months in the aggregate in a calendar year.

*Id.* § 8411(d) (emphases added).

Milan Macura was an employee of the Department of Justice ("DOJ") Bureau of Prisons from January 12, 2003 until December 1, 2005. SAppx68.[1]   The Office of

---

[1]   "SAppx" refers to the appendix accompanying the government's informal response brief.

Personnel Management ("OPM") initially documented Mr. Macura's separation from federal service on December 1, 2005 as a removal. SAppx77–80. Mr. Macura appealed the removal to the Merit Systems Protection Board ("Board"), and he and the DOJ eventually reached a settlement in which Mr. Macura withdrew his appeal and voluntarily resigned, effective December 1, 2005. *See* SAppx13, SAppx137, SAppx126. There is no record evidence that Mr. Macura has been employed by the federal government since December 1, 2005. *See* SAppx13, SAppx46.

Subchapter I of 5 U.S.C. Chapter 81 entitles federal employees to a variety of benefits under Office of Workers' Compensation Programs ("OWCP"). During his employment, Mr. Macura received two work-place injuries. SAppx71–75; *see* SAppx46. The Department of Labor's Office of Workers' Compensation awarded him OWCP benefits for both periods of injury: September 23, 2005 through October 14, 2005, and October 18, 2004 through May 10, 2015. SAppx71–75; *see* SAppx46.

On October 31, 2022, OPM received Mr. Macura's Application for Deferred or Postponed Retirement ("application"). SAppx60–65. Mr. Macura requested a deferred annuity under the Federal Employees Retirement System ("FERS"), to begin accruing on January 1, 2023. *Id.*

On April 18, 2023, OPM sent Mr. Macura an initial decision denying his application. SAppx59. OPM stated that Mr. Macura was "not entitled to an annuity" because he did "not meet the minimum requirement of **at least 5 years of creditable service**." *Id.* (emphasis in original). On April 23, 2023, Mr. Macura requested reconsideration. SAppx54–55. He argued that his almost eleven years on OWCP benefits "should count as creditable services," such that, when combined with his over two years of employment, he exceeded the five-year requirement. SAppx54. He also argued that his superiors at the DOJ "threatened" him into resigning after receiving one of his work-place

injuries, and, when he challenged his resignation before the Board, "the judge dismissed [DOJ's] baseless claim, and told [him] that [he] ha[d] no choice but to resign, based on Medical reasons, or [else] face firing in the future." *Id.*

On August 1, 2023, OPM issued a final decision affirming its initial decision. SAppx51–53. OPM reviewed 5 U.S.C. §§ 8410, 8413(a), and 8411(d) and explained that Mr. Macura "never returned to Federal service after [his] December 1, 2005, final separation from service." SAppx51–52. OPM decided that the period when he received OWCP benefits "after this date is not creditable toward eligibility requirements for a FERS annuity." SAppx52. OPM concluded that Mr. Macura did "not meet the requirement of at least five years creditable civilian service" and was accordingly "not eligible for a FERS deferred annuity." *Id.*

On August 7, 2023, Mr. Macura appealed to the Board. SAppx56–58. He argued that § 8411(d) is "discriminatory" because it treats as "more valuable" the "OWCP time" of (A) "[m]ilitary personnel," while "exclud[ing]" law enforcement; and (B) "the employees that return back to work," while disregarding "the ones who cannot return due to injury, or the ones who were mistreated, and not given the opportunity for reasonable accommodations." SAppx57.

On February 5, 2024, the administrative judge ("AJ") issued a Close of Record order. SAppx107–12. The AJ reviewed §§ 8410, 8413(a), and 8411(d) and explained that "there is no statutory or regulatory authority that would allow for a waiver of the 5-year minimum service requirement." SAppx109–11. On February 6, 2024, Mr. Macura responded to this order. SAppx113–32. He argued that OPM's denial of his retirement benefits was discriminatory, in violation of 5 U.S.C. § 2302(b)(1)(A), and an "arbitrary action" barred under 5 U.S.C. § 2301(b)(8)(A). SAppx117–18. He referred to "[b]ullying, intimidations

and lies" from the DOJ and the Board surrounding his resignation case, and he included exhibits with related documentation.  SAppx117, SAppx119–32.

On March 5, 2024, the AJ issued an initial decision affirming OPM's final decision.  SAppx9–25.  The AJ decided that Mr. Macura "is not entitled to a FERS annuity." SAppx13.  The AJ explained that he was an employee for a period of almost three years, and his nearly eleven years receiving OWCP benefits were not creditable because he "never returned to federal service." *Id.*  The AJ also decided that, even if Mr. Macura's allegations of intimidation by the DOJ and the Board had merit, his agreement during settlement to withdraw his appeal of his removal and voluntarily resign was "an act of finality that generally prevents the appellant from pursuing such claims anew." *Id.* The AJ further decided that Mr. Macura's allegations about his removal did not "provide a means of adding additional creditable service" under the retirement statutes. SAppx14.

Lastly, the AJ rejected Mr. Macura's assertion of discrimination.  SAppx14–16.  The AJ explained that Mr. Macura's allegations of discrimination were "based on a misreading of" § 8411(d), because the "plain language of the statute extends only to 'employees' who are on leave without pay," and, for most of the time Mr. Macura was receiving OWCP benefits, he was "no longer an 'employee' in a leave without pay status." SAppx15.  The AJ further explained that, "if anything, [§ 8411(d)] provides OWCP beneficiaries an advantage over military service members" because it allows creditability for "*former* employees" who "return[] to duty after a period of separation." *Id.* (quoting 5 U.S.C. § 8411(d)) (alteration in original) (emphasis added).  In other words, by contrast, a person who "perform[s] military service" must be allowed creditability only if the person remained an "*employee*" who was on a "leave[] of absence without pay." 5 U.S.C. § 8411(d) (emphasis

added).[2]  Thus, the AJ concluded that Mr. Macura "ha[d] not shown that he has 5 years of creditable service" and thus was "not entitled to a retirement annuity under FERS."  SAppx16.

On March 6, 2024, Mr. Macura petitioned for review of the AJ's initial decision.  SAppx136–41.  Mr. Macura argued that the AJ failed to consider the circumstances surrounding his removal and resignation, in which his superiors at the DOJ "threatened" him and "lied," after which the Board "forced" him to resign.  SAppx136–37.  On February 3, 2025, the Board issued its final order.  SAppx1–8.  The Board denied the petition for review and affirmed the AJ's initial decision, which became the Board's final decision.  SAppx2.

Mr. Macura petitions for review in this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

We "must affirm the Board's decision unless it is: '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed;  or (3) unsupported by substantial evidence.'"

---

[2]    Even if "the statute did treat OWCP beneficiaries less favorably than military service personnel," the AJ noted that Mr. Macura "would likely need to argue that" § 8411(d) violated the equal protection component of the due process guarantee under the Fifth Amendment of the U.S. Constitution.  SAppx15.  Still, the AJ explained that "distinctions that reward veterans for military service generally do not offend equal protection principles." SAppx15–16 (citing, *inter alia*, *Hooper v. Bernalillo Cnty. Assessor*, 472 U.S. 612, 620 (1985)).  Regardless, the AJ decided that the Board cannot declare a statute unconstitutional and thus did not address this issue.  SAppx16.

*Tunik v. Merit Sys. Prot. Bd.*, 407 F.3d 1326, 1330 (Fed. Cir. 2005) (quoting 5 U.S.C. § 7703(c)). "An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors." *Gose v. U.S. Postal Serv.*, 451 F.3d 831, 836 (Fed. Cir. 2006) (citation and quotations omitted) (cleaned up). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (citation and quotations omitted). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

## DISCUSSION

Mr. Macura argues that the Board erred in affirming OPM's denial of his request for a deferred annuity under the FERS. Petitioner Inf. Br. 2. According to Mr. Macura, he is entitled to this annuity because his nearly eleven years receiving OWCP benefits should be creditable, since he was forced to resign from federal employment and § 8411(d) is discriminatory. *Id.*[3] Mr. Macura asserts that the Board failed to consider "overwhelming evidence" in his favor. Petitioner Inf. Br. 3. We conclude that Mr. Macura fails to establish that the Board relied on an erroneous interpretation of law or on fact findings not supported by substantial evidence. *See Gose*, 451 F.3d at 836.

---

[3] Mr. Macura provides no substantive discussion of his arguments in his opening brief, instead citing his response to the Close of Record order and his petition for review, in which he made the above two arguments. Petitioner Inf. Br. 2; *see* SAppx113–32, SAppx136–41.

First, the Board properly decided that § 8411(d) does not provide a carveout that applies to the circumstances of Mr. Macura's separation from federal employment. *See* SAppx13–14. The Board addressed the requirement under § 8411(d) that OPM may only allow creditability for leaves of absence for a "former employee" if the former employee "*returns to duty* after a period of separation" during which this person "was receiving benefits under subchapter I of chapter 81[.]" 5 U.S.C. § 8411(d) (emphasis added); *see* SAppx13. The Board then properly determined that the statute does not provide any exception to or waiver of the requirement in circumstances in which the petitioner alleged that the separation from federal employment was coerced. *See* SAppx13–14. We see no language in § 8411(d) that provides for any such exception or waiver. Thus, the Board did not rely on an erroneous interpretation of the statute in rejecting Mr. Macura's argument that the circumstances of his separation should exempt him from the creditability requirements under § 8411(d).

Second, the Board properly decided that Mr. Macura's allegations of discrimination were inapposite. *See* SAppx15. The Board correctly determined that § 8411(d) does not favor military service personnel over OWCP beneficiaries under subchapter I of 5 U.S.C. Chapter 81. *See id.* We agree with the Board that the statute actually provides such beneficiaries "a leg up, not a disadvantage." *Id.* Under § 8411(d), OPM is only required to provide creditability for military service personnel who remain *employees* on leaves of absence without pay. 5 U.S.C. § 8411(d). By contrast, the provision allows creditability for non-military OWCP beneficiaries even for periods when they are *former* employees, so long as they "return[] to duty." *Id.* Thus, the Board did not rely on an erroneous interpretation of the statute in rejecting Mr. Macura's argument that § 8411(d) is discriminatory.

Based on the conclusion that Mr. Macura's years receiving OWCP benefits are not creditable under § 8411(d),

the Board decided that Mr. Macura failed to show that he had five years of creditable service, as required for eligibility under § 8413(a), and thus failed to show that he was entitled to a deferred retirement annuity under § 8410. *See* SAppx16. Mr. Macura does not challenge the validity of these statutory provisions or the Board's application of them. Thus, we conclude that the Board did not abuse its discretion in affirming OPM's denial of Mr. Macura's request for a deferred annuity under the FERS.

## CONCLUSION

We have considered Mr. Macura's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's final order.

## **AFFIRMED**

### COSTS

No costs.